IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:94-cr-01009-MP-AK

ALBERT THOMAS MADRID,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 1048, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion to Vacate, Doc. 972, be denied, and that Defendant's Motion to Amend, Doc. 1029, also be denied. The Magistrate Judge filed the Report and Recommendation on Friday, February 22, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Defendant Madrid has filed proposed amendments that seek to add several claims to the motion to vacate. Because these amendments are new, unrelated substantive claims, the Magistrate states that they do not relate back to the original pleading, and recommends that the amendments be denied as time-barred. In his objections, Defendant argues that the Magistrate applied the incorrect legal standard, and states that this issue is controlled by Mayle v. Felix, 545 U.S. 644 (2005), which establishes the current test for whether an amended petition relates back. Under this test, amendments relate back "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." Mayle, 545 U.S. at 664. The Supreme Court in Mayle rejected the Ninth Circuit's broad interpretation of the terms "conduct,

transaction, or occurrence," and cited with approval the Eleventh Circuit case relied upon by the Magistrate.

The two claims Defendant seeks to add in his amended motion to vacate allege that counsel was ineffective by operating under an undisclosed conflict of interest, and by failing to object to the Court's definition of the term "withdrawal" in its jury instruction regarding the statue of limitations.  Although these claims share the same legal theory as the claims presented in the original motion, the Court does not see how they share a common core of operative facts.  Whether counsel's alleged conflict prevented him from testifying on the Defendant's behalf relies on facts completely independent from those supporting the original ineffective assistance claims.  Similarly, whether counsel was ineffective by failing to object to jury instructions rests on facts independent from any alleged failure to object to or prevent the introduction of evidence.  The Supreme Court has instructed that a trial alone is too broad a fact to qualify as the same "conduct, transaction, or occurrence" to justify relation back, and it appears that the only common fact shared by the amended and original claims is that the alleged ineffective assistance occurred during the trial.  Therefore, the Court agrees with the Magistrate that the motion to amend must be denied as barred by the statute of limitations.

In the motion to vacate, Defendant argues that he is entitled to be re-sentenced pursuant to <u>Booker</u>, <u>Blakely</u>, and <u>Apprendi</u>.  These issues were considered and rejected on appeal, and are not retroactively applicable to cases on collateral review.  Defendant also claims that counsel rendered ineffective assistance by failing to present factual information and controlling legal authority that would have excluded the admission of Appendix A into evidence.  As the Magistrate points out, because the Eleventh Circuit concluded that Defendant suffered no

prejudice from the admission of the document, counsel cannot be deemed ineffective on this ground.  The Court also agrees with the Magistrate that counsel was not ineffective by failing to object to the admission of evidence of foreign drug importations, or by failing to request limiting instructions.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant's Motion to Amend, Doc. 1029, is DENIED.

3. Defendant's Motion to Vacate, Doc. 972, is DENIED.

**DONE AND ORDERED** this   *11th* day of March, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge